# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID KRAUSE,**
        **Petitioner,**

    **v.**                                                                **Case No. 05-C-957**

**PHIL KINGSTON,**
        **Respondent.**

## DECISION AND ORDER

Petitioner David Krause, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his state court conviction of first-degree intentional homicide, arson and mutilation of a corpse for which he received a life sentence.

## I. BACKGROUND

The state charged petitioner with killing John Styler and burning his house to the ground to cover up the murder. At the trial, petitioner testified that he went to Styler's house with a pistol. Once there, Styler drew a shotgun, petitioner and Styler fought and Styler's shotgun accidentally discharged and killed him. At the close of the testimony, the court proposed to instruct the jury on first-degree intentional homicide and also on the lesser-included offense of second-degree intentional homicide based on imperfect self defense. Petitioner objected to the lesser-included offense instruction. However, the court gave the instruction, advising the jury that it could find petitioner guilty of second-degree intentional homicide if it found that he "reasonably believed that he was preventing or terminating an unlawful interference with his person and actually but unreasonably believed the force used was necessary to prevent imminent death or great bodily harm to himself." (Answer Ex. B at 1.) The court also instructed the jury on perfect self defense and accident – complete defenses to first-degree intentional homicide.

In its lesser-included offense instruction, the court misstated the law of second-degree intentional homicide.[1] Petitioner sought post-conviction relief based on the erroneous instruction. The circuit court denied relief, and petitioner appealed. The court of appeals found that the instruction misstated the law such that it made self defense and imperfect self defense virtually indistinguishable. However, it stated that petitioner was estopped from arguing that the error entitled him to a new trial because he had objected to a second-degree intentional homicide instruction, and the effect of the error was that he did not receive one. The court further found that because petitioner testified that the killing was an accident and not self defense, he was not entitled to a self-defense instruction of any sort. The Wisconsin Supreme Court denied review.

## II. DISCUSSION

Petitioner contends that he was denied due process because he did not receive a properly-worded instruction on imperfect self-defense. The state court of appeals did not address the merits of petitioner's due process claim, concluding that petitioner was not entitled to any imperfect self-defense instruction because he was estopped from asking for one and because he was not entitled to one based on the evidence. The estoppel ground for the decision appears to constitute an independent and adequate state procedural ground which bars my consideration of the merits of petitioner's federal claim. However, respondent has not argued the point and I will not discuss it. Further, the court's holding that petitioner was not

---

[1] A week before the court instructed the jury, the Wisconsin Supreme Court, in State v. Head, 255 Wis. 2d 94 (2002), modified the standard governing imperfect self-defense. Prior to Head, a jury could find a defendant guilty of second-degree intentional homicide by reason of imperfect self-defense if it found that the defendant reasonably believed that he was preventing or terminating unlawful interference with his person and actually but unreasonably believed that force was necessary. State v. Camacho, 176 Wis. 2d 860, 863 (1993). In Head, the state supreme court overruled Camacho, holding that imperfect self-defense did not require any reasonable but only actual beliefs. Head, 255 Wis. 2d at 237.

entitled to an imperfect self-defense instruction at all appears to constitute an independent and adequate ground for affirming petitioner's conviction on an issue of state <u>substantive</u> law. See <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). The determination of state law is unreviewable in a habeas petition. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991).

However, petitioner could still be entitled to habeas relief if: (1) the state court of appeals' decision that he was not entitled to an imperfect self-defense instruction as a matter of state law was itself a violation of his due process rights; or (2) the erroneously worded instruction affected the instructions to which he <u>was</u> entitled in a way that was prejudicial to him. However, petitioner cites no case, and I have found none, that even arguably suggests that the court of appeal's ruling was inconsistent with due process. Further, there is absolutely no reason to think that the erroneously worded instruction affected the jury's understanding of the only proper charge (first-degree intentional homicide) or the only proper affirmative defense (accident).

Thus,

**IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2007.

> BY THE COURT:
>
> s/Lynn Adelman
> LYNN ADELMAN
> District Judge