**DAVID KRAUSE,**
        **Petitioner,**

    **v.**                                    **Case No. 05C957**

**MICHAEL THURMER,**[1]
        **Respondent.**

## ORDER

On May 9, 2007, habeas petitioner David Krause filed a notice of appeal of my dismissal of his case and requested a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

---

[1] Michael Thurmer has replaced Phil Kingston as the warden of Waupun Correctional Institution, and is currently petitioner's custodian.

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Petitioner claims that he was denied due process because he did not receive a properly-worded instruction on imperfect self-defense. The state court of appeals found that petitioner had never been entitled to an instruction on imperfect self-defense, and thus the erroneous instruction did not affect his trial. I found that the court of appeals's state law determination as to petitioner's entitlement to the instruction was unreviewable in a habeas petition except to the extent that it itself violated due process. I found that the court of appeals's decision did not violate due process and that, therefore, petitioner was not prejudiced by any trial error such that he could be said to have been denied the right to due process. I do not believe jurists of reason would differ as to these issues and I do not believe that they should proceed further.

Accordingly, for the same reasons as set forth in my April 6, 2007, Order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right.

Thus,

**IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14 day of May, 2007.

/s
LYNN ADELMAN
District Judge