# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID KRAUSE,
                    Petitioner,

          v.                                        Case No. 05C957

MICHAEL THURMER,
                    Respondent.

## ORDER

On May 8, 2007, habeas petitioner David Krause filed a motion for reconsideration of my order denying his petition. One day later, petitioner filed a notice of appeal of my dismissal of his case and requested a certificate of appealability. On May 14, 2007, I denied petitioner a certificate of appealability but neglected to address his motion for reconsideration. Before me is petitioner's motion for reconsideration, in which petitioner asserts that I made a manifest error of law.

Petitioner claims that he was denied due process because he did not receive a properly-worded instruction on imperfect self-defense. The state court of appeals found that petitioner had never been entitled to an instruction on imperfect self-defense, and thus the erroneous instruction did not affect his trial. I found that the court of appeals's state law determination as to petitioner's entitlement to the instruction was unreviewable in a habeas petition except to the extent that it itself violated due process. I found that the court of appeals's decision did not violate due process. In his motion for reconsideration, petitioner argues that he was entitled to a correct recitation of any jury instruction, whether he was actually entitled to such instruction or not. In order to show a federal constitutional violation resulting from an error in state law, petitioner must show that the flawed instruction infected the entire trial such that it rendered the

trial fundamentally unfair.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 71-72 (1990).  Essentially, this test is all about prejudice – whether an error infected a defendant's trial with prejudice against him.  In this case, the trial court's error may have made it less likely that the jury would convict petitioner of second-degree homicide via imperfect self defense.  However, petitioner was not entitled to an instruction on second-degree homicide via imperfect self defense, and there is no evidence that the error made is more likely that the jury would convict petitioner of first-degree homicide rather than the only proper affirmative defense – accident.  As such, the error did not prejudice petitioner at all, much less rise to the level of a due process violation.

Thus,

**IT IS ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17 day of May, 2007.


/s_____
LYNN ADELMAN
District Judge