# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID KRAUSE,**
                    **Petitioner,**

         **v.**                                                      **Case No. 05-C-957**

**WARDEN PHIL KINGSTON,**
                    **Respondent.**

---

## ORDER

On April 6, 2007, I denied petitioner David Smith's petition for a writ of habeas corpus.  Subsequently, petitioner appealed and I denied his motion for a certificate of appealability.  On November 1, 2007, the Seventh Circuit Court of Appeals also denied petitioner's request for a certificate of appealability and dismissed his appeal.  On April 21, 2008, petitioner filed a motion to amend his petition and motion to stay his petition.  In his motion, petitioner explains that he disagrees with his habeas counsel's failure to not raise an argument that the state court of appeals denied petitioner due process when it ruled that petitioner was not entitled to an imperfect self-defense jury instruction.  Petitioner wishes to amend his petition to add such a claim at this time.

Any substantive motion filed more than ten days after the entry of judgment is evaluated under Fed. R. Civ. P. 60.  United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. Ill. 1992).  A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. Ill. 1997).  (internal quotation marks

and citation omitted). The Supreme Court has held that a state prisoner cannot use Rule 60 to present to the district court "claims" for habeas relief. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). This is so because 28 U.S.C. § 2244(b) forbids prisoners from filing second or successive applications for habeas relief absent the permission of the court of appeals, and allowing a prisoner to use Rule 60 would circumvent this requirement. The Supreme Court offered as a quintessential example of a successive petition masquerading as a post-judgment motion a petitioner's request to add a new claim with an explanation that he had "omitted a claim of constitutional error." Gonzalez, 545 U.S. at 531.

Petitioner's motions are just sort that Gonzalez determined should be treated as a second or successive petition. Petitioner is not attempting to correct a defect in the judgment issued in his case more than one year ago. Rather, believing that his habeas counsel omitted a meritorious claim from his original petition, petitioner is seeking to add a substantive claim to his habeas petition. Thus, his motion to amend and stay is actually a second or successive habeas petition. I lack jurisdiction over this new petition under § 2244(b) and as such I must deny petitioner's motions.

**Therefore,**

**IT IS ORDERED** that petitioner's motion to amend his petition is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24 day of April 2008.

/s_____
LYNN ADELMAN
District Judge

2